STATE OF CONNECTICUT *v.* ETHEL MALKOWSKI, ADMINISTRATRIX (ESTATE OF WALTER MALKOWSKI)
(10355)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued December 10, 1982—decision released January 25, 1983

*Michael A. Arcari,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (plaintiff).

*Joseph G. Bruckmann,* with whom, on the brief, was *Sue L. Wise,* for the appellee (defendant).

PER CURIAM. The dispositive issue in this case is whether the state may appeal from a denial without prejudice of its plea in abatement. The state instituted the present proceedings as a plaintiff by bringing a civil action against the defendant, Ethel Malkowski, administratrix of the estate of Walter Malkowski, to obtain reimbursement in the amount of $8500 for care and treatment that Walter Malkowski received as a patient at Connecticut Valley Hospital. In that civil action, the defendant filed a counterclaim, alleging that Walter Malkowski's death was caused by the negligence of state employees and seeking recovery in the amount of $600,000. Invoking sovereign immunity, the plaintiff filed a motion to erase the counterclaim in the Court of Common Pleas, where the action had been initiated. That motion was denied by the court, *Celotto, J.* Thereupon, on the defendant's motion, the case was transferred to the Superior Court. In the Superior Court, again invoking sovereign immunity, the plaintiff filed the plea in abatement whose denial without prejudice the plaintiff now brings before this court on appeal.

In its memorandum of decision on the plaintiff's plea in abatement, the trial court, *Hadden, J.,* identified three issues concerning the counterclaim raised by the plea. These were: (1) has the state waived its sovereign immunity by instituting its action; (2) was the cause of action alleged by the defendant a proper counterclaim; and (3) may the court grant the defendant affirmative relief above and beyond the amount sought by the plaintiff in its complaint. With respect to the first two of these issues, the court refused to reconsider the prior ruling of Judge Celotto. On the affirmative relief question, which was not presented to Judge Celotto, the court made two determinations. Relying on the ruling of Judge Celotto that the court had jurisdiction over the subject matter of the counterclaim, the court concluded that complete dismissal of the counterclaim was inappropriate. Furthermore, the court refused "at this time . . . to enter an order declaring that the defendant is limited on its counterclaim to the amount of damages awarded on the complaint." The court opined that the affirmative relief question should be handled by the trial judge when the case is reached for trial on the merits. Accordingly, the court overruled the plea in abatement without prejudice.

In its appeal, the plaintiff asks us to rule on five claims of error: (1) was the trial court in error in failing to recognize that the affirmative relief question is a jurisdictional question; (2) was the trial court obligated to rule on the affirmative relief question before further pleading in the case; (3) has the state waived its sovereign immunity as to affirmative relief; (4) was the Superior Court required to rehear, on the plea in abatement, the jurisdictional questions decided by the Court of

Common Pleas on the motion to erase; and (5) has the state waived its sovereign immunity with respect to the defendant's counterclaim and is that counterclaim sufficiently related to the subject matter of the plaintiff's cause of action for the purposes of establishing jurisdiction for such counterclaim.

In order to pursue these claims of error, the plaintiff must raise them in an appeal from a final judgment. General Statutes §§ 51-197a, 52-263; Practice Book § 3000. It is undisputed that the overruling of a plea in abatement[1] is not a final judgment. *Guerin* v. *Norton,* 167 Conn. 282, 283, 355 A.2d 255 (1974); Maltbie, Conn. App. Proc. § 15. As the plaintiff acknowledged at oral argument, had the trial court decided the affirmative relief question against the state, there would have been no right to an immediate appeal. To overcome this procedural hurdle, the plaintiff argues that the final order giving rise to this appeal is not the overruling of its plea in abatement but rather the trial court's failure to rule on the affirmative relief question, which the plaintiff characterizes as a jurisdictional issue and thus entitled to immediate pretrial resolution. Cf. Practice Book §§ 112, 145.

It is true that " '[w]henever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it "can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." *Rhode Island* v. *Massachusetts,* 12 Pet. (37 U.S.) 657, 717 [1838]; *Denton* v. *Danbury,* 48 Conn. 368, 372 [1880].' *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524, 84 A. 307 (1912). The point has been frequently

---

[1] Under the current rules of practice, a plea in abatement has become a motion to dismiss. Practice Book § 143.

made. See, e.g., *Kohn Display & Woodworking Co.
v. Paragon Paint & Varnish Corporation,* 166 Conn.
446, 448, 352 A.2d 301 (1974); *East Side Civic Assn.
v. Planning & Zoning Commission,* 161 Conn. 558,
559, 290 A.2d 348 (1971); *Carten v. Carten,* 153
Conn. 603, 610, 219 A.2d 711 (1966)." *Baldwin
Piano & Organ Co. v. Blake,* 186 Conn. 295, 297–98,
441 A.2d 183 (1982). In the cited cases, however,
the jurisdictional issue came to this court's atten-
tion in the course of an appeal from a final judg-
ment. None of them addressed the appealability
per se of a failure to resolve a jurisdictional issue
in timely fashion. In other words, while the cases
establish that it is error for a trial court to defer
a jurisdictional question, they do not establish that
such an error itself constitutes a final judgment.
Cf. *Chrysler Credit Corporation v. Fairfield
Chrysler-Plymouth, Inc.,* 180 Conn. 223, 228, 429
A.2d 478 (1980). Many interlocutory orders, even
orders of constitutional significance, are not appeal-
able until there has been a final judgment. See
*State v. Ross,* 189 Conn. 42, 49, 454 A.2d 266 (1983).

Nothing in the circumstances of this case war-
rants departure from the final judgment rule. The
trial court has ruled that the state has no immu-
nity from suit; it has, at most, deferred decision
on the state's immunity from affirmative liability
on the counterclaim. It is highly doubtful that the
affirmative liability question, on this record, truly
implicates the trial court's subject matter jurisdic-
tion. A court has subject matter jurisdiction if it
has the authority to adjudicate a particular type
of legal controversy. Such jurisdiction relates to
the court's competency to exercise power, and not
to the regularity of the court's exercise of that
power. *Monroe v. Monroe,* 177 Conn. 173, 185, 413

A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); *State* v. *Tedesco,* 175 Conn. 279, 286, 397 A.2d 1352 (1978); 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1970) § 3b; 1 Restatement (Second), Judgments §§ 27–28 (1982). The trial court's arguable failure to rule on the affirmative liability question is not even colorably jurisdictional in this sense, when there has been a procedurally proper ruling that the state has waived its liability to suit and the state, on this appeal, contests only the extent of that liability.

Because the trial court's order overruling the plaintiff's plea in abatement was not a final judgment, the appeal is dismissed.