[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiffs, Richard J. Proctor and Richard J. Proctor CPA, P.C., filed this action for collection upon a promissory note against defendants, Douglas Cornwell and Douglas Cornwell CPA, P.C. (hereinafter referred to in the singular as "Cornwell"), on March 31, 1992. On April 1, 1992, Cornwell filed a motion to dismiss the action on the ground that he was not served with a summons when process was served upon him on March 26, 1992. Both sides have filed memoranda in support of their respective positions.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "`Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in he cause; as any movement is necessarily the exercise of jurisdiction.'" (Citations omitted.) State v. Malkowski, 189 Conn. 101, 104,454 A.2d 275 (1983). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.'" (Citation omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book, Sec. 142. An appearance for Cornwell was filed on March 2, 1992. This motion to dismiss was filed exactly thirty (30) days later on April 1, 1992. Therefore, the motion is timely. "Practice Book, Sec. 49 provides that `[m]esne process in civil actions shall be a writ of summons . . . describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ . . . shall be signed by a commissioner of the superior court . . . . [T]he writ of summons shall be on a form substantially in compliance with . . . Form 103.1 (JD-CV-1) . . .' See also General Statutes, Sec. 52-45a." Hillman v. Greenwich,217 Conn. 520, 524, 587 A.2d 99 (1991).
Cornwell argues that service upon him was not in accordance with Practice Book, Sec. 49 because he was not served with a copy of Form JD-CV-1, the civil summons. Form JD-CV-1 consists of four pages: the first page is the original summons, the second page is a "data processing page," and pages three and four are carbon copies of the original. The first two pages are to be filed in the court with the sheriff's return. CT Page 6267
Cornwell's argument that he was not served with a copy of the summons is irrefutable in light of the fact that all four pages of the summons in question were returned to the court and currently exist in the court's file. "[A] writ of summons is a statutory prerequisite to the commencement of a civil action . . . [I]t is an essential element to the validity of the jurisdiction of the court." Id., 526.
Accordingly, the motion to dismiss is granted.
West, J.