[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about November 7, 1988, the plaintiffs, Jan Abraham Dutoit and Marie Dutoit, both residents of the Republic of South Africa, filed this action against the defendants, Strategic Minerals Corporation (hereafter "Strategic") and Vametco Minerals Corp. (hereafter "Vametco"). The plaintiffs seek damages for injuries allegedly suffered by Mr. Dutoit while working in a mine operated by Vametco in South Africa, and for Mrs. Dutoit's alleged loss of consortium. Strategic is incorporated in Connecticut. Vametco, a subsidiary of Strategic, is a Delaware corporation engaged in the business of mining vanadium in an area of South Africa known as CT Page 6885 Bophuthatswana. The bylaws of Vametco indicate that Vametco's principal office is in Danbury, Connecticut. Pursuant to Practice Book, Sec. 142, Vametco has moved to dismiss this action for lack of in personam jurisdiction under Connecticut General Statutes, Sec. 33-411(b). Both Vametco and the plaintiffs have filed memoranda in support of their respective positions.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985).
"`[W]henever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it `can move one further step in the cause, as any movement is necessarily the exercise of jurisdiction.'" (Citations omitted.) State v. Malkowski,189 Conn. 101, 104 (1983). "The motion to dismiss . . . `. . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.'" (Citation omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). However, where the motion is accompanied by supporting affidavits, the court may look to their content in order to determine the jurisdictional issue. Id.
Connecticut General Statutes, Sec. 33-411(b) "confers local jurisdiction over a foreign corporation on two conditions: the transaction of business in this state, and a cause of action arising out of the transaction of such business." Lombard Bros, Inc. v. General Asset Management Co.,190 Conn. 245, 251 (1983).
In addition to Vametco's bylaws indicating that its principal place of business is located in Danbury, the court has received evidence indicating that Vametco maintains an office at 30 Main Street in Danbury and also has employees who work at that office. Vametco has listed its Danbury address on its tax returns. On the basis of this evidence regarding the extent of Vametco's operations in Connecticut, the court finds that Vametco has submitted itself to the jurisdiction of the State of Connecticut. See Horn Construction, Inc. v. Stran-Steel Corporation, 26 Conn. Sup. 201 (1965). The court further finds the allegations of the plaintiffs, that the cause of actions arose from Vametco's actions in Connecticut, are sufficient to defeat the motion. The plaintiffs have submitted evidence that a Strategic employee based in Danbury conducted safety inspections of the Vametco mine in South Africa.
Accordingly, the motion to dismiss for lack of in personam jurisdiction is denied. CT Page 6886
RODRIGUEZ, J.