[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
The petitioner, Lawrence Harris, was convicted of robbery in violation of General Statutes 53a-134(a)(4) and larceny in violation of General Statutes 53a-124 by a jury of six before "'Keefe, J. on January 10, 1992. The Petitioner filed a petition for a new trial on July 23, 1992. In his petition, he seeks a new trial under Practice Book 904 "by and through (sic) Connecticut General Statutes Section(s) 52-270, et seq."and pursuant to several cited Connecticut cases.
The petitioner alleges that he was deprived of his liberty without due process of law because at the trial below a police officer submitted a false report an "conjur[ed] a phantom reliable informer and a witness informer from a (sic) Illegible Photograph." Apparently, the petitioner seeks to attack the validity of the arrest warrant, alleging that it was issued based on a false report.
The petitioner then states the "with very little discovery pursuant through Connecticut Rule(s) of this Honorable Superior Court for the State of Connecticut, he will be able to present said facts herein mentioned, and that said information(s) are both exculpatory and material which will likely produce a different CT Page 9101-S result."
The petitioner attached to his petition two photographs taken at the bank during the time of the robbery, an excerpt from the affidavit used to obtain an arrest warrant against the petitioner, a copy of a police document, and an excerpt from a Connecticut Supreme Court case.
The state filed a motion to dismiss the petitions on July 28, 1992, with an accompanying memorandum of law, in the ground that the court lacks subject matter jurisdiction. The state attached a coy of a previous motion for a new trial submitted by the petitioner, and a copy of the decision by the court Gordon, J., granting the state's motion to dismiss, the motion for a new trial.
The purpose of a motion to dismiss is to test the jurisdiction of the court. Reynolds v. Soffer, 183 Conn. 67, 68, 483 A.2d 1163
(1981)." A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power. . . ." State v. Malkowiski, 189 Conn. 101, 105,454 A.2d 275 (1983).
The state argues that the court lacks subject matter jurisdiction but presents no law or argument supporting that claim. Rather, it argues that the defendant should have filed a motion for a new trial with the criminal trial court within five days after the rendering of a verdict in the case. Such an argument does not address the lack of the court's jurisdiction over a petition for a new trial.
A motion for a new trial is made to the trial court under P.B. Section 903. A petition for a new trial may be brought under P.B. Section 904 in accordance with C.G.S. Section 52-270. A petition for a new trial is a civil action and the rules of civil procedure are in effect. The statute confers civil jurisdiction in the superior court over the subject matter of new trials.
The state's argument that the petition makes no claim of newly discovered evidence under P.B. Section 904 may be the subject of a motion to strike but does not go to the issue of the court's lack of jurisdiction.
Likewise, the state's third claim, that is the availability of another remedy, here habeas corpus, does not defeat the court's jurisdiction to entertain a petition for a new trial.
The court has subject matter jurisdiction over the petition, therefore the state's motion to dismiss the denied. CT Page 9102