[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carlos M. Vega, filed a complaint on June 9, 1992, alleging that the defendant, John Alander, Commissioner of the State of Connecticut's Department of Human Resources, Robert Lilling, a Fair Hearing Officer for the State of Connecticut's Department of Human Resources, and Donald Fiore, Support Enforcement Officer for the Superior Court, deprived him of his right to obtain credit. On August 5, 1992, the defendants filed a general appearance and a motion to dismiss for lack of personal and subject matter jurisdiction. As required by Connecticut Practice Book 143, the defendants have filed a memorandum of law in support of their motion to dismiss. The plaintiff has not filed a reply memorandum.
On June 25, 1981, in the superior court for the judicial district of Windham at Putnam (Goldberg, J.), the plaintiff was adjudged to be the father of a child born to Deborah Dick (Martinez). The plaintiff was ordered to pay child support of twenty dollars per week until the child reached the age of eighteen years, plus five dollars per week towards the lying-in-expenses and the support and maintenance of the child to the date of the action. In his complaint, the plaintiff states that the deductions were taken directly from his payroll until October 1988, when they were mistakenly terminated. On January 10, 1990, Norma Damata, a Family Services Counselor, sent a letter to the office of the Comptroller to reinstate the mistakenly terminated garnishment of plaintiff's wages. The payroll deductions were started again in approximately April 1990.
On September 30, 1991, the plaintiff received a Notice of Intent letter from the Department of Human Resources informing him of his delinquency of child support payments in the amount of $1,081.02. Plaintiff states that he made two attempts to speak CT Page 10561 with the defendant, Donald Fiore, concerning this matter. The plaintiff states that his calls were not returned. In April 1992, plaintiff was unable to obtain credit from a lending institution due to his name appearing on a consumer reporting agency report. The plaintiff then contacted the defendant, Donald Fiore, who informed him that his name was placed on the credit bureau list due to his failure to respond to the Notice of Intent letter. The plaintiff then requested an administrative hearing to appeal the submission of his name to the credit agency. This appeal was denied by the department of Human Resources due to the plaintiff's failure to request the administrative hearing within sixty days of his "Notice of Intent" letter in accordance with sections 31rr-1 through 32rr-12 of the Regulations of Connecticut State Agencies.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 490 A.2d 509
(1985). The motion must be filed by the defendant within thirty days of the filing of an appearance; even if the defendant has entered a general appearance. Connecticut Practice book 142. "A general appearance no longer necessarily constitutes waiver of jurisdictional defects. Connecticut General Statutes 52-59b(b)." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53 n. 5,459 A.2d 506 (1983). "The motion to dismiss. . .admits all facts well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
The motion to dismiss "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Connecticut Practice Book 143; Burton v. Planning Commission,209 Conn. 609, 611 n. 2, 553 A.2d 161 (1988). When the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees, supra, 62.
The defendants have complied with Connecticut Practice Book 142 by filing their motion within 30 days of filing a general appearance. The defendants have included the affidavits of defendants Robert D. Lilling, Fair Hearing Officer, and Anthony DiNallo, director of the Bureau of Support. Mr. DiNallo states that he views all the mail addressed to Commissioner Alander and CT Page 10562 that he received the letter entitled:
 Superior Court City of Waterbury Re: Petition to Appeal Under Conn. Gen. Stat. 4-183
This letter contained the complaint and was signed by Carlos Vega, but it was not accompanied by a citation. Mr. Lilling also states that he reviewed the request of the plaintiff for an administrative hearing and that he denied it in his capacity as a Fair Hearing Officer. Mr. Lilling also states that he received the letter stated above and that the plaintiff's complaint was not accompanied by a citation. There is no sheriff's return of service in the enclosed file to show that service has been made on the defendants. Plaintiff has not filed a memorandum of law and has made no statements that there has been proper service upon the defendants.
The court properly asserts in personam jurisdiction and properly serves process over a resident defendant "by leaving a true and attested copy of it, including the declaration or complaint, with the defendant or at his usual place of abode, in this state." Connecticut General Statutes 52-57(a).
 `"In ordinary usage of the term, [a summons is the] original process upon a proper service of which an action is commenced and the defendant therein named brought within the jurisdiction of the court. . ." (Citations omitted). A summons is part of the citation. The citation. . .is a command to a duly authorized officer to summons the [defendant]. . .to appear in court on a specified day to answer the [complaint].'"
Hillman v. Greenwich 217 Conn. 520, 24, 525, 587 A.2d 99 (1990). "A writ of summons. . .is an essential element to the validity of the jurisdiction of the court." Id., 526. `"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person.'" Castro v. Viera,207 Conn. 420, 433-34 (1988).
The plaintiff has commenced this civil action by filing a CT Page 10563 JD-CV-1 form. Connecticut Practice Book 49 provides in relevant part that "the writ of summons shall be on a form substantially in compliance with the. . .Form JD-CV-1 in. . .civil actions. . ."
 Form JD-CV-1 consists of four pages: The first page is the original summons, the second page is a "data processing page", and pages three and four are carbon copies of the original. The first two pages are to be filed in the court with the Sheriff's return.
Proctor v. Cornwell, 7 CTLR 8, 9, A.2d (June 29, 1992, West, J.).
The plaintiff has failed to present any evidence or refute evidence properly provided by affidavit as to proper service of process over the defendants. The defendants' argument that they were not served with a citation is irrefutable based on the fact that there is no sheriff's return and that all four pages of the JD-CV-1 form are currently in the court's file.
Based on the above, this court lacks personal jurisdiction over the defendants for lack of service of process. An improper return date implicates the jurisdiction of the court over the person, not over the subject matter. Bridgeport v. Debeck,210 Conn. 175, 179-180, 554 A.2d 728 (1989). An improper return date is an incurable defect which implicates the court's jurisdiction and requires an amendment and new service of process in order to preserve the court's jurisdiction. Hartford National Bank Trust Company v. Tucker, 178 Conn. 472, 478-79, 423 A.2d 141, cert. denied, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1979); Brandiff v. Sellas, 40 Conn. Sup. 243, 244, 488 A.2d 853 (1985) (Barnett, J.).
In the present case the return date of May 8, 1992, was crossed out and not replaced. The summons in this matter completely lacks any return date and the plaintiff's failure to include a return date is fatally defective and precludes this court from asserting personal jurisdiction over the defendants. Therefore, the defendants' motion to dismiss is granted for lack of personal jurisdiction.
Subject matter jurisdiction is the court's "authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power and not to the regularity of the court's exercise of that power." CT Page 10564 State of Connecticut v. Malkowski, 189 Conn. 101, 105,454 A.2d 275 (1983). A motion to dismiss for lack of subject matter jurisdiction may be raised at any time. LaCroix v. LaCroix,189 Conn. 685, 687 n. 2, 457 A.2d 1075 (1983); Connecticut Practice Book 145. "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914
(1991). "Subject matter jurisdiction cannot be waived or conferred by consent." Demar v. Open Space Conservation Commission, 211 Conn. 416, 425, 559 A.2d 1103 (1989).
The plaintiff received the "Notice of Intent" letter in early October of 1991, informing him of his delinquency and that his name would be submitted to the consumer reporting agencies if the delinquency was not reduced below $1,000.00 by November 30, 1991. The letter specifically states that the aggrieved may request a fair hearing concerning the delinquency within twenty days of the date of the notice which was September 30, 1991. If the aggrieved was dissatisfied with the review or no action has been taken within fifteen days of the request, the aggrieved could request an administrative hearing within sixty days of the date of the notice. Regulations of Connecticut State Agencies 31rr-1 through 31rr-12; Connecticut General Statutes 17-603. The plaintiff did not make a request for an administrative hearing until April 27, 1992. This request was subsequently denied.
Plaintiff has initiated this action pursuant to Connecticut General Statutes 4-183(a) which states:
 A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section.
(emphasis added). The defendants argue that the plaintiff cannot bring this action because he has failed to comply with the provisions of appeal as set forth in the statute. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provision by which it is created." Farricielli v. Personnel Appeal Board, 186 Conn. 198, 201,440 A.2d 28 (1982). The court has held that the statutory requirements of administrative appeals "are jurisdictional in nature, and, if not complied with, render the appeal petition subject to dismissal." Donis v. Board of Examiners in Podiatry, CT Page 10565207 Conn. 674, 683, 542 A.2d 726 (1988), quoting Basilicato v. Department of Public Utility Control, 197 Conn. 320, 324,497 A.2d 48 (1985). `"`It is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the superior court will obtain jurisdiction to act in the matter.'"' Pett v. Department of Health Services,207 Conn. 346, 350-51, 542 A.2d 672 (1988).
The plaintiff has failed to exhaust his administrative remedies by not requesting a fair hearing or an administrative appeal within the time allowed. The plaintiff's failure to exhaust his administrative remedies before bringing this action bars this court of subject matter jurisdiction.
Therefore, for the above reasons, the undersigned finds that this court lacks personal jurisdiction and subject matter jurisdiction over the defendants and for those reasons, their motion to dismiss is granted.
/s/ William J. Sullivan, J.