[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In December, 1987, the plaintiffs, George B. Paganetti and Patricia Paganetti, owners, entered into an agreement with the defendant, Laurence L. Curtis, contractor, for the construction of a building upon plaintiffs' land located in Middlefield, Connecticut. On May 3, 1991, plaintiffs filed a five count complaint against the defendant alleging: breach of contract; unjust enrichment; and three counts involving CUTPA violations. The plaintiffs allege that the defendant's assembly of the pre-manufactured building and the laying of the building's foundation resulted in several structural defects including;
 (a) the steel building support columns are too short, and cannot adequately support the building frame;
 (b) the foundation is improperly sized to support the steel structure of the building, leaving the steel building support columns partially unsupported;
 (c) the foundation, including the concrete piers and wall, is structurally inadequate to support the building frame; CT Page 11801
 (d) the foundation elevation is incorrect, and not in conformance with the applicable plans and structural requirements;
 (e) the foundation lacks a non-shrinking grout surface for the steel building support columns;
 (f) the building was not constructed in accordance with applicable building code provisions;
 (g) the building was not constructed utilizing an engineer of record and/or a licensed engineer or architect.
On October 30, 1991, the defendant filed his motion to dismiss for lack of subject matter jurisdiction. The defendant argues that the plaintiffs' CUTPA claims are barred by a three-year statute of limitations because the agreement at issue was entered into in November or December, 1987 and the plaintiffs subsequently filed their action on May 3, 1991. General Statutes Sec. 42-110g(f) provides that "[a]n action under [CUTPA] may not be brought more than three years after the occurrence of a violation of this chapter."
The plaintiffs, in their opposition memorandum, argue that even if the CUTPA claims are barred by General Statutes Sec. 42-110g(f), a motion to dismiss is not the proper method to challenge the legal sufficiency of the claim.
The purpose of the motion to dismiss is to test the jurisdiction of the court. Reynolds v. Soffer, 183 Conn. 67,68, 438 A.2d 1163 (1981). For a court to have jurisdiction, it must have personal jurisdiction, subject matter jurisdiction and jurisdiction to render judgment. Castro v. Viera,207 Conn. 420, 433-34, 541 A.2d 1216 (1988). Practice Book Sec. 143 provides that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book Sec. 143.
Generally, "[i]n determining whether a court lacks subject matter jurisdiction, the inquiry does not extend to the merits of the case." (Citation omitted.) Lampasona v. CT Page 11802 Jacobs, 209 Conn. 724, 728, 553 A.2d 175 (1989). However, the court can examine, on the merits, a "jurisdictional fact" to determine the existence of subject matter jurisdiction. Castro, supra, 433-34. Subject matter jurisdiction "is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Citation omitted.) Id., 427. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." (Citation omitted.) State v. Malkowski, 189 Conn. 101, 105-106,454 A.2d 275 (1983). General Statutes Sec. 51-164s provides that "the superior court is authorized to hear all cases except those over which the probate court have original jurisdiction." (Citation omitted.) Lampasona, supra, 728. The court is authorized to entertain a CUTPA claim under General Statutes Sec. 42-110a et seq.
The defendants argues that the three year limitation of action under CUTPA, General Statutes Sec. 42-110g(f), bars the plaintiffs' CUTPA claims because the plaintiffs instituted their present action more than three years after the execution of the agreement from which the present controversy arises. For a limitation of action to be a basis to challenge the court's subject matter jurisdiction it must be substantive in nature rather than procedural. Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 445-46, 551 A.2d 1220 (1988).
 The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural. . . Where, however, a specific limitation is contained in the statute which establishes the remedy. . . the court may properly raise the statute of limitations issue on its own motion because it is considered substantive or jurisdictional, and not subject to waive.
Id.
In the present case, the three year statute of limitations under CUTPA is included within the CUTPA statute. CT Page 11803 General Statutes Sec. 42-110g(f). The plaintiffs' right of action under CUTPA is not independent but rather embodies the limitation of action. Id. The statute of limitations in the present action is substantive or jurisdictional and is a proper ground to challenge this courts subject matter jurisdiction.
The three year statute of limitations under General Statutes Sec. 42-110g(f) accrues after the occurrence of a CUTPA violation. The court narrowly interprets General Statutes Sec. 42-110g(f) and holds that the starting point for the running of the statute of limitations is upon the occurrence of the CUTPA violation and not upon any subsequent discovery by the injured party, i.e., no exceptions for latent deceptive practices. Fichera v. Mine Hill Corporation, 207 Conn. 204,212, 541 A.2d 472 (1988).
In the present case, the defendant argues that the three year statute of limitations bars the plaintiffs' CUTPA counts where the agreement at issue was executed in November or December, 1987, and the plaintiffs filed their action on May 3, 1991. However, the running of the statute of limitation begins upon the occurrence of a CUTPA violation, including a continuing course of conduct that would toll the statute of limitations, and not necessarily upon the execution of the agreement from which the claim arises. Id., 208-209.
The plaintiffs allege that the CUTPA violations are based on the defendant's defective workmanship in the construction of the subject premises. The record is silent as to any jurisdictional facts concerning the period of time that the alleged CUTPA violations occurred. Because the court is limited to a determination based on the record in ruling on the motion to dismiss, there is insufficient evidence to determine that the statute of limitations had or had not expired previous to the plaintiffs' filing of their present action. See Amore v. Frankel, 29 Conn. App. 565, 568-572, ___ A.2d ___ (1992) (defective highway action, where the trial court improperly relied upon an evidentiary matter in the defendant's affidavits to invoke the doctrine of sovereign immunity notwithstanding the fact that the complaint sufficiently alleged the statutory exception.)
"A reviewing court should indulge every presumption in favor of a trial court's subject matter jurisdiction." (Citation omitted.) Ind., 565. "In ruling on a motion to CT Page 11804 dismiss for lack of jurisdiction, a court should resist deciding the case on the merits." (Citation omitted.) Id., 571. In the present case, the record is insufficient to support a conclusion that the statute of limitations bars the plaintiff's CUTPA claims. Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied.
JOHN F. WALSH, J.