[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 26, 1994, the plaintiffs, Pietro Corelli, Luciana Corelli and Sancor, Inc. (Sancor), filed a six count complaint against the defendants, Evi, Inc. (Evi), John Sutherland and Susan Sutherland. In the first count of the complaint, the plaintiffs allege that Evi is in default on a promissory note in the amount of $25,000 that it executed and delivered to Sancor in connection with the sale by Sancor of its business, Empress Travel, to Evi. in the second count, the plaintiffs allege that John and Susan Sutherland executed and delivered a guarantee to Sancor whereby they personally guaranteed the payment of $25,000, plus other amounts, pursuant to the terms and conditions of the note and that they failed to pay the amounts due to Sancor. In the third count, the plaintiffs allege that pursuant to the purchase and sales agreement between Sancor and Evi, Pietro and Luciana Corelli entered into a CT Page 11239 lease agreement whereby they leased the premises at 170 Stillwater Avenue, Stamford, to Evi and that Evi has breached the lease. In count four, the plaintiffs assert that John and Susan Sutherland breached the guarantee they executed and delivered to Pietro and Luciana Corelli whereby they personally guaranteed the performance by Evi of all terms in the lease agreement. In the fifth count, the plaintiffs further allege that Evi has failed to pay Pietro and Luciana Corelli a reasonable sum for the use and occupancy of the premises. In count six, the plaintiffs contend that John and Susan Sutherland have failed to pay Pietro and Luciano Corelli, a reasonable sum for the use and occupancy of the premises, in accordance with the guarantee agreement.
On June 16, 1994, the defendants filed an answer and a special defense on the ground that they are not in default under the Purchase/Sales Agreement. The defendants also asserted three counterclaims against the plaintiffs in fraud, recision and breach of the duty of good faith and fair dealing. On June 23, 1994, the plaintiffs filed a reply and three special defenses to the defendants' counterclaims on the grounds that they are barred by res judicata, the award of binding arbitration and the statute of limitations.
Also on June 23, 1994, the defendants filed a motion (#104) to dismiss counts three through six of the plaintiffs' complaint pursuant to Practice Book § 143, on the ground that the court lacks subject matter jurisdiction over the counts because they relate to housing matters, and therefore, they are exclusively within the jurisdiction of the Housing Court. Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." "A motion to dismiss. . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101, 105-06, 454 A.2d 275
(1983). "[T]he question of the subject matter jurisdiction of the court may be raised at any time. . . ." (Citations omitted.) LaCroixv. Board of Education, 199 Conn. 70, 80, n. 8, 505 A.2d 1233 (1986).
The defendants argue that counts three through six of the CT Page 11240 plaintiffs' complaint should be dismissed because they seek recovery for back rent and damages arising from a landlord-tenant relationship, and pursuant to General Statutes § 47a-68 et seq., the Housing Court has jurisdiction over these counts. Therefore, the defendants contend that this court lacks subject matter jurisdiction over these counts. In opposition, the plaintiffs argue that pursuant to General Statutes § 51-164s, this court has original jurisdiction over the issues in this action and therefore the motion to dismiss should be denied. The plaintiffs rely onSavage v. Aronson, 214 Conn. 256, 571 A.2d 696 (1990), for support of their argument that the court does not lack subject matter jurisdiction.
General Statutes § 51-164s provides in pertinent part that "[t]he Superior Court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute." Furthermore, § 51-164t(a) provides that "[t]he Superior Court shall consist of such divisions and parts thereof as shall be provided by the rules of the Superior Court to provide the highest standards of justice and the most efficient operation of the court."
General Statutes § 47a-70(a), which is in effect until September 1, 1996, provides in part that "[a]ll proceedings involving a housing matter . . . shall first be placed on the housing docket . . . provided that the judge before whom such proceeding is brought may transfer such matter to the regular docket . . . if he determines that such matter is not a housing matter or that such docket is more suitable for the disposition of the case." The definition of "housing matter" pursuant to § 47a-68(h) includes "[a]ll actions for back rent, damages, return of security deposits and other relief arising out of the parties' relationship as landlord and tenant or owner and occupant."
In Savage v. Aronson, supra, 214 Conn. 256, the Connecticut Supreme Court considered the jurisdiction of the Superior Court with regard to housing matters. In that action, the defendant Commissioner of Income Maintenance appealed from a judgment enjoining her from enforcing the 100 day limit upon emergency housing benefits and declaring that the limit was in violation of various provisions of the state and federal constitutions and the Connecticut General Statutes. The defendant, relying on General Statutes § 47a-70(a), asserted as a ground for appeal that Housing Courts were established to handle housing litigation exclusively CT Page 11241 and that the issues involved in the action exceeded the scope of housing matters, and therefore the court in which the action was brought and tried, Superior Court in the Judicial District of New Haven, Housing Session, lacked subject matter jurisdiction and should have dismissed the action. Id., 261.
The court stated that "[d]espite the familiar reference to the judicial district courtroom where the judge assigned to hear housing matters presides as the `housing court,' our statutes create no such special jurisdictional entity." Id., 262. The court specifically recognized that "`[h]ousing matters' are included within the jurisdiction of the Superior Court . . . General Statutes § 51-164s." Id. The court stated that the purpose of the statutes and rules relating to the division of the Superior Court into four divisions, family, civil, criminal and housing, was "not to impose any jurisdictional limitation on judges but to achieve greater efficiency in the administration of the judicial department." Id. Furthermore, the court recognized the ability of a judge assigned to the housing division to transfer a matter to the regular docket, pursuant to § 47a-70, if the matter is not a housing matter or if the docket is more suitable for the disposition of the case. Id. counts three through six of the plaintiffs' complaint in the present action. The holding in Savagev. Aronson applies in the present case even though the defendants in the present case are moving to dismiss counts three through six of the complaint on the ground that they related to housing matters and should have been asserted in Housing Court. See Savage v. Aronson, supra, 214 Conn. 261. Housing matter are within the jurisdiction of the Superior Court and the division of the Superior Court into civil, criminal, family and housing divisions does not impose any jurisdictional limitations on the judges of the court. Id.; see also General Statutes § 51-164s. Accordingly, even if counts three through six of the plaintiffs' complaint involve housing matters, the court does not lack subject matter jurisdiction and the defendants' motion to dismiss is therefore denied.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of November, 1994.
WILLIAM BURKE LEWIS, JUDGE CT Page 11242