[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendants have filed a motion to dismiss the complaint of the plaintiffs, Clive and Maria Hammant, on the ground of a lack of subject matter jurisdiction. Both parties filed memoranda CT Page 1771-MM in support of their position. The plaintiffs seek in their complaint to quiet title, relief under General Statutes § 49-30, possession of the premises, and to recover under a theory of unjust enrichment.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13, 29,621 A.2d 719 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency CT Page 1771-NN to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101, 105-06,454 A.2d 275 (1983).
The defendants argue in their motion to dismiss that they never received notice of the foreclosure action from which the plaintiffs derive their title, and, therefore, were never foreclosed, and that relief under General Statutes § 49-30
"requires a corrective action setting forth a whole cause of action under C.G.S. § 49-30 alleging the omitted party and the relief set forth under said statute."
"In determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case. . . . In order to establish subject matter jurisdiction, the court must determine that it has the power to hear the general class [of cases] to which the proceedings in question belong." (Citations omitted; internal quotation marks omitted.) Lampasona v. Jacobs, 209 Conn. 724, 728, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 590
(1989); see also Cross v. Hudon, 27 Conn. App. 729, 733, 609 A.2d CT Page 1771-OO 1021 (1992).
The defendants' arguments address the merits of the case and not the power of the court to adjudicate such issues. The defendants have contended that their interest in the property was not foreclosed in a prior proceeding, yet they have not provided any argument or authority as to how that deprives the court of its power to hear the class of cases to which this case belongs. Accordingly, the defendants' motion to dismiss is denied.
D'ANDREA, J.