[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
On June 20, 1995, the plaintiff, Donald F. Landsman, filed a one count complaint seeking a declaratory judgment and injunctive relief against the defendants, the Town of Greenwich (town), the Board of Estimate Taxation of the Town of Greenwich (board) and James L. Branca, the Tax Collector of the Town of Greenwich. The plaintiff alleges in his complaint that the town and the board have exceeded their authority by setting a municipal tax rate in excess of that permitted by Article 17, § 288 of the Greenwich Town Charter. The plaintiff further alleges that the town and the board have set a tax rate that will raise $5,870,000 in excess of that allowed by the charter, and that, as a result, the plaintiff, as a taxpayer, and the other residents of Greenwich will suffer injury and pecuniary loss from the "excessive and illegal taxation."
On August 18, 1995, the defendants filed a motion to dismiss the plaintiff's complaint on the ground of lack of subject matter jurisdiction, in that all interested parties have not been given notice as required by Practice Book § 390, and that the plaintiff has no standing to bring suit because he can show no injury. The defendants also filed a memorandum of law in support. The plaintiff filed a memorandum of law in opposition on September 8, 1995, to which the defendants filed a reply brief on October 3, 1995.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard CT Page 936 by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v.Department of Human Resources, 225 Conn. 13, 29, 621 A.2d 719
(1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101, 105-06, 454 A.2d 275
(1983).
The defendants first argue that the plaintiff has not complied with Practice Book § 390, in that all of the residents of Greenwich, as interested parties, have not been given notice of the declaratory judgment action. The plaintiff maintains that lack of notice in a declaratory action can be remedied and does not require dismissal of the action.
"[U]nlike other jurisdictional defects implicating the trial court's subject matter jurisdiction . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." (Internal quotation marks omitted.) Mannweiler v. LaFlamme, 232 Conn. 27, 36, 653 A.2d 168
(1995). The plaintiff filed a proposed order of notice to remedy the jurisdictional defect on October 16, 1995. The plaintiff's order of notice is granted; however, the notice should not be published once, but three times in consecutive weeks.
The defendants next argue that the plaintiff is without standing as he cannot demonstrate that he has suffered any injury from the actions of the board and the town. The plaintiff contends that because the tax rate has been set higher than is permitted by the town charter, he has been injured by the increase in his assessed taxes.
A plaintiff's "status as a taxpayer does not automatically give . . . standing to challenge alleged improprieties in the conduct of the defendant town. . . . The plaintiff must also allege and demonstrate that the alleged improper municipal conduct cause[d CT Page 937 him] to suffer some pecuniary or other great injury." (Citations omitted; internal quotation marks omitted.) Sadloski v.Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993). "A plaintiff who relies upon . . . [taxpayer] status in bringing an action to question some illegal activity on the part of municipal officials must also prove that the transaction involved will probably result, directly or indirectly, in an increase in his taxes or would, in some other fashion, cause him irreparable injury. . . . Once a probable increase in his tax burden from the challenged activity has been shown, a plaintiff has passed the threshold of standing even though the pecuniary effect on him may be extremely small." (Citation omitted; internal quotation marks omitted.) American-Republican,Inc. v. Waterbury, 183 Conn. 523, 526, 441 A.2d 23 (1981).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy. . . ." (Citation omitted; internal quotation marks omitted.) Weidenbacherv. Duclos, 234 Conn. 51, 62, 661 A.2d 988 (1995).
The defendants first argue that the board has power to "set a tax rate sufficient to cover all of the appropriations of the Town for the succeeding fiscal year, both appropriations set by the Representative Town Meeting at its budget meeting before the start of the fiscal year and the interim appropriations that are approved during the course of the fiscal year under § 30 of the Charter." This argument addresses the merits of the plaintiff's action but does not implicate standing.
The defendants also argue that even if the alleged excess taxes were not levied in this fiscal year, the excess taxes would CT Page 938 have to be levied in the next fiscal year pursuant to § 30(c) of the Charter to cover additional interim appropriations. However, this is only true if the future interim appropriations are equal to the $5,870,000 assessed in excess of the May 8, 1995 appropriations of the Representative Town Meeting. As those appropriations have not occurred, it is not possible for the court to determine the future value of those appropriations. It is possible that the interim appropriations will not amount to $5,870,000, therefore, the plaintiff will have suffered damage in the amount that such a difference will cause his taxes to increase. The defendants also contend that there is no injury to the plaintiff if the taxes are levied now or in the next fiscal year. However, as a basic financial principle, a dollar today is worth more than a dollar tomorrow. Therefore, even if the total taxes assessed against the plaintiff are ultimately the same as if they were assessed in the same fiscal year, a present assessment to the plaintiff is more detrimental than a future assessment. The plaintiff has shown that if the town has set a tax rate in excess of its authority, the plaintiff has been damaged by an increase in his taxes. Accordingly, the defendants' motion to dismiss is denied.
RICHARD J. TOBIN, JUDGE