## CLAUDIA POTVIN

vs.

## LIQUOR CONTROL COMMISSION

Superior Court      New London County      File #12118

Present:   Hon. ERNEST A. INGLIS, Judge.

Thomas M. Shields;
George Gilman,                    Attorneys for the Plaintiff.

Edward J. Daly,
Attorney General,                Attorney for the Defendant.

## MEMORANDUM FILED FEBRUARY 27, 1937.

INGLIS, J.   Prior to October 26, 1936, the plaintiff had operated a restaurant in Voluntown under a restaurant permit for beer only.   On that date, the Liquor Control Commission revoked that permit on the ground of unsuitability of person, concluding that the permittee was unsuitable solely on the ground as appears from the pleadings, that there had been a violation of the prohibition in the statute against the sale of beer to be consumed off the premises.   The facts most un-favorable to this plaintiff which could have been found by a reasonable man and presumably, therefore, the facts found by the Commission are as follows:

The sale in question had not been made by the permittee herself but by her husband, Edward Potvin.   In August, 1936, he had pleaded guilty before a Justice of the Peace in Volun-town to a charge of having sold a case of beer on July 26, 1936, to one Liberty not to be consumed upon the premises. The sale had occurred at about one o'clock E.S.T. on Sunday, July 26th.   The plaintiff had locked her storeroom in which she kept her beer (except a few bottles left in her soda water cooler) before midnight, and had closed and locked her res-taurant at about midnight and had retired for the night to her home which was on the same tract of land as the restaurant but at a considerable distance from it.   It was a warm night and her husband stayed up around the place.   He heard a car drive up in front of the restaurant and went over to it.   Mr. Liberty, in the car, begged him to sell him a case of beer and he finally went to his carpenter shop about 250 feet from the restaurant, got a case of beer which he had purchased from a

package store for his own use and had stored on the ground under his carpenter shop, brought it to a point about 60 feet from the car and outside the restaurant building and sold it.

The restaurant business was owned and operated by the plaintiff entirely independently of her husband. The investment in the business came exclusively from the wife's separate estate. She, at times had various employees but her husband never worked in the restaurant. The business was carried on in a building entirely devoted to it. That building stood on a tract of land, the title to which stood in the name of the son of the plaintiff. That tract of land consisted of upwards of eighty acres and had on it four or five other buildings, among them the dwelling house where the family lived and a carpenter shop erected and used by the plaintiff's husband. The husband is a carpenter by trade and has been regularly employed at that trade. He has had no connection with the restaurant business.

The plaintiff had no knowledge of the illegal sale made by her husband and in no way connived at it. In making the sale her husband was in no sense her agent. She bears the reputation of being a law abiding citizen.

It may be and probably is true that the Commission drew the inference that in making the illegal sale the husband was acting as the agent of the wife. The only basis for such an inference is the mere fact that the relationship of husband and wife existed between them, and in view of the fact that she had never employed him in the conduct of her business but rather ran it independently of him, in view of the fact that the sale occurred on premises not under her control and was a sale of beer which was not and never had been her property, there is no reasonable basis for such an inference of agency. This is not a case, such as **Wilks vs. Liquor Control Commission, 122 Conn. 443**, in which the wife is acting merely as a front for the husband and under no reasonable interpretation of the evidence could the Commission have come to the conclusion that it was.

It is therefore, concluded that in revoking the plaintiff's permit the Liquor Control Commission acted arbitrarily and illegally.

Judgment may enter sustaining the appeal and adjudging that the plaintiff is a suitable person to sell alcoholic liquor

under a restaurant permit for beer only. No costs shall be taxed against the Liquor Control Commission.