## MARY E. METZGER
vs.
## LIQUOR CONTROL COMMISSION

Superior Court    New Haven County    File #51145

Present:  Hon. ERNEST A. INGLIS, Judge.

William Gitlitz,          Attorney for the Plaintiff.

Edward J. Daly;
Harry L. Brooks,         Attorneys for the Defendant.

**MEMORANDUM FILED MAY 18, 1937.**

INGLIS, J.  It appears that the Liquor Control Commission revoked the appellant's hotel permit on two grounds: First, because she failed to appear at a hearing before the Commission after due notice and Second, because of unsuitability of person by reason of permitting a sale of liquor in her hotel after hours in violation of **Section 1074c Cumulative Supplement 1935.**

The Referee has found that she unreasonably failed to appear at the Commission's hearing without adequate excuse and that on April 30, 1936, the appellant's husband sold liquor in her place of business after the hours permitted by statute.

**Section 1074c Cum. Supp. 1935,** provides that "the sale or

consumption . . . of alcoholic liquor in places operating under hotel permits . . . shall be unlawful on the day of any state or municipal election, and on Sunday, Good Friday or Christmas . . . and said sale shall be unlawful on any other day before nine o'clock in the morning and after twelve o'clock, midnight."

This statute puts the burden on a permittee to see to it that no liquor is sold in his place on the days proscribed by the statute or after the hours mentioned in the statute. It obviously was the intention of the legislature that when a permittee is licensed to operate a place where liquor may be kept for sale he ought to assume the responsibility for the conduct of that place in accordance with law. If he fails to measure up to that responsibility the Liquor Control Commission may in most instances conclude fairly that he is an unsuitable person to have a permit.

The decision in **Potvin vs. Liquor Control Commission, 4 Conn. Sup., 444,** has no bearing on this case because in that case the illegal sale had not occurred in the place for which the permit had been issued but had occurred on premises which were not under the control of the permittee. In the present case the illegal sale occurred in the place for which the permit had been issued.

Having arrived at that conclusion it is apparent that any findings which the Referee might make on the various questions referred to in Part C of the Remonstrance would be immaterial. Likewise the additional findings requested in paragraphs one to four inclusive of Part D of the Remonstrance would be immaterial and for the same reasons the grounds of remonstrance set up in Part E of the Remonstrance are not tenable.

The Referee having found on conflicting evidence that the appellant "had no reasonable excuse for not attending the hearings to which she was by these notices summoned" the additional findings requested in paragraphs five to eight of Part D of the Remonstrance are immaterial.

For the foregoing reason the demurrer to Parts C, D and E of the Remonstrance is sustained on the grounds stated.