## Trap Falls Realty Holding Limited Partnership et al. *v.* Board of Tax Review of the City of Shelton

### (10872)

Dupont, C. J., Norcott and Lavery, Js.

Argued June 11—decision released September 8, 1992

*Elliott B. Pollack,* with whom was *Gregory F. Servodidio,* for the appellants (plaintiffs).

*Thomas J. Welch,* with whom, on the brief, was *John H. Welch, Jr.,* for the appellee (defendant).

Norcott, J. The plaintiffs, Trap Falls Realty Holding Limited Partnership (partnership) and Trap Falls Development Corporation (corporation) appeal from the

trial court's dismissal of their appeal to that court regarding the assessment of their property for the assessment year commencing October 1, 1990. Specifically, the plaintiffs claim that the trial court improperly granted the defendant's motion to dismiss because, inter alia, it was not brought within the two month period specified in Public Acts 1990, No. 90-266, § 4.[1] We reverse the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On October 1, 1990, the partnership owned real property at 2 Trap Falls Road in Shelton. The corporation acquired this property from the partnership on December 12, 1990. Pursuant to an instrument dated February 22, 1991, and titled "Agent Authorization," the corporation authorized Tenenbaum-Hill Associates, Inc. (Tenenbaum), to act as its agent in "assessment matters related to all property [it] owned, possessed or controlled." After the assessor valued the property, the agent, Michael Miano, who was a Tenenbaum employee, filled out the requisite form to appeal the assessment to the defendant. In the space designated "Mail To," Miano wrote "See above." This referred to another space on the form titled "Location," where Miano provided two addresses—that of the property, "Trap Falls Road and Bridgeport Ave.," and that of the agent, "c/o Tenenbaum & Associates, Inc., 50 Columbus Blvd., Hartford, Ct. 06106."

---

[1] Section 4 of No. 90-266 of the 1990 Public Acts was subsequently repealed and replaced by § 4 of No. 91-221 of the 1991 Public Acts. That section provides in pertinent part: "Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb of the general statutes, any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, or October 1, 1991, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated . . . ."

The plaintiffs filed their appeal to the defendant board on February 26, 1991, pursuant to General Statutes § 12-112. The defendant decided the appeal that same day and mailed notice of its rejection of the appeal to the plaintiffs on March 5, 1991, to the property address Miano had provided on the form. Ultimately, the plaintiffs appealed the defendant's decision to the trial court. The plaintiffs served the defendant on May 6, 1991, and filed their appeal on May 8, 1991, a date beyond the two month limitation for such appeals. Thereafter, the trial court, finding a lack of subject matter jurisdiction, dismissed the plaintiffs' appeal on the basis of its untimely filing.[2] It is from that decision that the plaintiffs now appeal.

The principal question the plaintiffs raise is whether the defendant is mandated to send notice of its decision to the agent of an aggrieved property owner, rather than to the property owner pursuant to General Statutes § 12-111,[3] once the agent has appeared before the defendant and indicated that notice is to be mailed to him. The plaintiffs urge that we interpret our statutory scheme of appeal and notice to and from the boards of tax review in our state to require that an agent be sent notice of the board's decision after the agent, on behalf of his principal, the nonappearing property owner, has presented the appeal and requested that notice be mailed to the agent.

---

[2] The defendant also asserted as grounds for dismissing the appeal that (1) it was made returnable to the wrong judicial district, and (2) it failed to cite the city of Shelton as a party. Because neither of those issues are matters in the present appeal, we discuss them no further.

[3] General Statutes § 12-111 provides in relevant part: "At such meeting [of the board of tax review] any person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made . . . ."

In their argument to the trial court on the defendant's motion to dismiss, the plaintiffs stressed that their interpretation of § 12-111 should prevail because they did not receive notice of the defendant's decision until very late in the two month appeal period. The court rejected that argument, holding that the plaintiffs "could have inquired as to the defendant's decision one week after the decision was made. See General Statutes § 12-111 (board of tax review must report determinations of appeals in writing within one week after the determination)." As a prefatory matter, we agree with the plaintiffs, for the reasons stated herein, that the relevant statutes at issue do not impose on an aggrieved property owner any inquiry requirement. Further, we disagree with the defendant's claim that a board of tax review satisfies its statutory obligations when it mails notice of its decision to the address of the property owner, even if an agent or an attorney has appeared on behalf of that property owner at the hearing before the board.

We first note that the question before this court is one of first impression in Connecticut. Section 12-111 is silent with respect to the specific question at issue here. When there appears to be an ambiguity in a statute, " 'we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principle governing the same general subject matter.' " *United Illuminating Co.* v. *Groppo*, 220 Conn. 749, 756, 601 A.2d 1005 (1992), quoting *Texaco Refining & Marketing, Inc.* v. *Commissioner*, 202 Conn. 583, 589, 522 A.2d 771 (1987).

Section 12-111 provides in pertinent part that a board of tax review must give written notice to "any person . . . claiming to be aggrieved by the doings of the assessors . . . within one week after such determi-

nation" of that person's appeal. For purposes of our statutes relating to assessment and collection of taxes, including § 12-111, "person" is defined to include a fiduciary such as an agent. See General Statutes § 12-1.[4] It is clear that an agent or attorney may appear on behalf of an aggrieved property owner before a board of tax review. See *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* 151 Conn. 79, 83, 193 A.2d 472 (1963).[5] In this case, there is absolutely no question that the plaintiffs owned the property, that the agency was genuine and that the agent appeared before the defendant. After the hearing on the motion to dismiss, the trial court made a factual finding that the agent, Tenenbaum, had specified that notice of the defendant's decision was to be mailed to the agent's address.[6] The question thus becomes whether the trial court correctly concluded that the defendant fulfilled its duties under § 12-111 when it sent notice of its decision to the property owner *at the address of the property location* in spite of the agent's instructions to the contrary.

The crux of the defendant's argument is that the "person" § 12-111 refers to is *exclusively* the person claiming to be aggrieved by the assessor's doings. This reading of the statute, however, does not comport with

---

[4] General Statutes § 12-1 defines a "person" as "any individual, partnership, company, public or private corporation, society, association, trustee, executor, administrator or other fiduciary or custodian."

[5] Further support for this proposition can be found within General Statutes § 12-113, a part of the statutory scheme regarding taxation and assessment, which precludes a board of tax review from reducing "the list of any person who does not appear, either in person or by his attorney or agent."

[6] We note that the record is very puzzling in regard to the board of tax review form that the agent filled out on behalf of the plaintiffs as discussed earlier in this opinion. After a full hearing on the defendant's motion to dismiss, of which we have no record to review, the trial court found that the specified address for mailing was that of the agent. Notwithstanding the confusion surrounding the form, we do not, and will not, retry the facts found by the trial court. *Cioffoletti Construction* v. *Nering,* 14 Conn. App. 161, 162, 540 A.2d 91 (1988).

a reading of other sections of the statutory scheme regarding taxation and assessment where the legislature has specifically provided for such exclusivity. The legislature has, for example, identified several instances when the board is specifically required to mail notices to specific addresses. See, e.g., General Statutes § 12-111 (notification to an aggrieved person "addressed to him at the town in which he resides" where the board increases the list or adds to a person's assessment); see also General Statutes § 12-115 (notification to a property owner mailed "at his last known address," where the board makes a supplemental list). In this situation, the legislature could have, but chose not to, make the address of the owner the exclusive mailing address for notice of the decision. In the light of our review of the precise statutory language in question and similar language elsewhere in the statutory scheme of taxation and assessment, we are not persuaded by the defendant's argument.

Our review of the legislative history behind § 12-111 also leads us to conclude that we should not adopt the defendant's reading of this statute. A review of the legislative history must focus on the legislative debate in 1963 when the legislature amended the statute by virtue of No. 458 of the 1963 Public Acts to include the requirement that a board of tax review report its determinations in writing within one week of its determination. In his comments to the Joint Committee on Judiciary and Governmental Functions, Representative Harold Liebman, a sponsor of the bill that became Public Act No. 458, stressed his concern for a notification provision that would avoid "a situation where the time for appeal to the court would have elapsed before the taxpayer would have been aware of the disposition of his case." Conn. Joint Standing Committee Hearings, Judiciary and Governmental Functions, Pt. 1, 1963 Sess., p. 73. The concern of the entire debate was clearly that

taxpayers get sufficient written notice of a board's decision in a timely fashion. The consequences of an untimely or delayed notice are obvious: given such a short statutory period of limitations, a taxpayer might be denied the opportunity to appeal the board's decision in a number of situations in which the taxpayer is faultless.

We also find persuasive the plaintiffs' arguments that a taxpayer's right to appeal could be compromised if the property at issue is vacant or if it is leased and the lessor-lessee relationship is poor. In these situations, the taxpayer might never receive notice of the board's decision. Thus, it is obvious that the defendant's rather draconian interpretation that notice is to be exclusively mailed to the address of the property owner can work to the detriment of the taxpayer's right to appeal. This would, of course, defeat the well established precept of a meaningful right to appeal of which our Supreme Court has written: "[T]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." *Hubbard* v. *Planning Commission,* 151 Conn. 269, 271–72, 196 A.2d 760 (1963); see *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals,* 195 Conn. 276, 281, 487 A.2d 559 (1985).

Moreover, it is axiomatic that notice to the agent while acting within the scope of the agent's authority is notice to the principal. *West Haven* v. *United States Fidelity & Guaranty Co.,* 174 Conn. 392, 395, 389 A.2d 741 (1976); *Bank of Montreal* v. *Gallo,* 3 Conn. App. 268, 273, 487 A.2d 1101 (1985). Here, nothing in the record leads us to conclude that the agent, as the per-

son specified to receive the notice, received either actual or constructive notice of the defendant's determination. It follows that since we already have rejected the trial court's suggestion that a property owner has a duty to inquire about the board's decision, the plaintiffs could not have formed an opinion of whether the decision presented an appealable issue. As a result, the plaintiffs' right to appeal was rendered meaningless within the meaning of *Hubbard* v. *Planning Commission,* supra.

What we hold today is quite straightforward and works no great hardship on boards of tax review. When (1) a taxpayer-property owner claiming to be aggrieved by the doings of the assessors appoints an agent to represent himself or herself in a hearing before the board pursuant to § 12-111, and (2) that agent appears before the board under the authority of his or her agency and specifically requests that notice of the board's decision be sent to the agent's address, the board is required to abide by that request in order to commence the running of the statutory period for the filing of any appeal. Here, because the defendant did not comply with this procedure, the trial court improperly granted the defendant's motion to dismiss for lack of subject matter jurisdiction. A statutory right of appeal cannot be nullified as a result of a government entity's incorrect interpretation of its statutory duties. See *Kron* v. *Thelen,* 178 Conn. 189, 197, 423 A.2d 857 (1979). To hold otherwise would thwart the very purpose of the statute, which is impermissible under our well settled canons of statutory construction. *Builders Service Corporation* v. *Planning & Zoning Commission,* 208 Conn. 267, 276, 545 A.2d 530 (1988).

The judgment is reversed and the case is remanded with instructions that the plaintiffs' appeal proceed pursuant to the relevant statutory procedures.

In this opinion the other judges concurred.