[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, in the above captioned case, is appealing pursuant to General Statutes §§ 12-117a, the action of the Greenwich Board of Tax Review (board) and the Town of Greenwich relative to the assessment of property owned by the plaintiff in Greenwich. The defendants have filed a motion to dismiss the plaintiff's action on the ground that the court lacks jurisdiction over the plaintiff's appeal because the plaintiff failed to file the appeal application with the superior court within two months of the board's May 6, 1994 decision, as required by General Statutes § 12-117a. The plaintiff argues, however, that an appeal is commenced upon service of the appeal on the defendant. The plaintiff therefore contends that because the plaintiff's application was served on the defendant within the two months of the board's decision, the requirement of §12-117a has been met.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power." State v. Malkowski, 189 Conn. 101, 105-06,454 A.2d 275 (1983). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom of Information Commission, 221 Conn. 482,489-90, 604 A.2d 819 (1992); see also Southern New EnglandTelephone Co. v. Board of Tax Review, 31 Conn. App. 155, 160-61, CT Page 3511623 A.2d 1027 (1993).
General Statutes § 12-117a, which provides a right of appeal from decisions of boards of tax review, states in pertinent part that "any person . . . claiming to be aggrieved by the action of the board of tax review . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court . . . which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same timeand served and returned in the same manner as is required in caseof a summons in a civil action. (Emphasis added.)
The defendants argue that General Statutes § 12-117a
requires that an appeal application must be made to the superior court within two months of the decision of the board of tax review, and if it is not, the appeal is subject to dismissal. The defendants further contend that the Appellate Court's decision inTrap Falls Realty Holding Ltd. Partnership v. Board of TaxReview, 29 Conn. App. 97, 612 A.2d 814, cert. denied, 224 Conn. 911,617 A.2d 170 (1992) dictates that application is had by filing the appeal with the court and not by service on the defendant. The plaintiff maintains that General Statutes §12-117a provides that an appeal is commenced by service of process, and that, heretofore, courts have unanimously held that an appeal commenced by service of process, notwithstanding the dicta in Trap.
The defendants rely on the following sentence in the recitation of facts by the court in Trap Falls Realty HoldingLtd. Partnership v. Board of Tax Review, supra, 29 Conn. App. 99: "The plaintiffs served the defendant on May 6, 1991, and filed their appeal on May 8, 1991, a date beyond the two month limitation for such appeals." The defendants contend that the court's use of the word "date" refers to the immediately preceding date of filing and not to the date of service, thereby implicitly holding that the appeal must be filed and not merely served within the two month period. Nevertheless, § 12-117a
provides that appeals to boards of tax review are served and returned just as in a civil action, and the Supreme Court has determined that civil actions are commenced by service of a copy of the summons and complaint on the defendant. Hillman v.Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991); see alsoTuohey v. Martinjack, 119 Conn. 500, 177 A. 721 (1935). CT Page 3512 Furthermore, the superior courts have uniformly held that service on the defendant determines the time at which an appeal is deemed to have been filed. See Cooper v. Board of Tax Review, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313781 (August 19, 1994, Pittman, J.); Paletsky v. Town ofMorris, 7 Conn. L. Rptr. 233 (August 18, 1992, Pickett, J.);Mazur v. Town of Colchester, Superior Court, judicial district of New London at New London, Docket No. 519380 January 11, 1993, Hurley, J.); Greaves v. Town of Morris, Superior Court, judicial district of Litchfield, Docket No. 059622 (August 18, 1992, Pickett, J.); Cohen v. Town of Morris, Superior Court, judicial district of Litchfield, Docket No. 059778 (August 18, 1992, Pickett, J.); Allen v. Town of Goshen, Superior Court, judicial district of Litchfield, Docket No. 056241 (October 24, 1991, Pickett, J.); Robbins v. Town of Goshen, 5 Conn. L. Rptr. 171
(October 24, 1991, Pickett, J.); Moss v. Town of Goshen, Superior Court, judicial district of Litchfield, Docket No. 056242 (October 24, 1991, Pickett, J.); Perse v. Salisbury Board of TaxReview, Superior Court, judicial district of Litchfield, Docket No. 056923 (October 24, 1991, Susco, J.); Hall v. Town of Goshen,5 Conn. L. Rptr. 614 (October 24, 1991, Pickett, J.); Gregersenv. Town of Wilton, 5 CSCR 119 (December 18, 1989, Cioffi, J.).
The language employed by the Appellate Court in Trap is ambiguous, is dicta, and is not part of the holding of the case. Furthermore, the case is distinguishable in that the appeal inTrap was both served and filed more than two months after the decision of the board. If the Appellate Court had intended to overturn and reverse the general rule employed by all of the superior courts to date, it would have employed language less uncertain than that contained in a recitation of facts. Moreover, the Supreme Court has determined that "the established principle that every presumption is to be indulged in favor of jurisdiction" is to be taken into account. Ambroise v. WilliamRaveis Real Estate, Inc., 226 Conn. 757, 765, 628 A.2d 1303
(1993). Accordingly, because the plaintiff's appeal was served within two months of May 6, 1994, the defendants' motion to dismiss is denied.
D'ANDREA, J. CT Page 3513