[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above captioned case, is appealing pursuant to General Statutes § 12-117a, the action of the CT Page 4026 Greenwich Board of Tax Review (board) and the Town of Greenwich relative to the assessment of property owned by the plaintiff in Greenwich. The defendants have filed a motion to dismiss the plaintiff's action on the ground that the court lacks jurisdiction over the plaintiff's appeal because the plaintiff failed to file the appeal application with the superior court within two months of the board's May 6, 1994 decision, as required by General Statutes § 12-117a. The plaintiff argues, however, that notice of the board's decision was never received by plaintiff's counsel, and that service was in fact made within the two month period pursuant to General Statutes § 52-593a. The plaintiff also filed an affidavit of the sheriff who served the defendants in which the sheriff attests that he received a copy of the summons on July 5, 1994, which he served on July 7, 1994.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101,105-06, 454 A.2d 275 (1983). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom of Information Commission, 221 Conn. 482,489-90, 604 A.2d 819 (1992); see also Southern New EnglandTelephone Co. v. Board of Tax Review, 31 Conn. App. 155, 160-61,6223 A.2d 1027 (1993).
The plaintiff argues that the board did not mail notice of CT Page 4027 decision to the plaintiffs' attorney's address, and therefore, the two month appeal period is tolled until such notice was received. The Appellate Court has determined that "[u]ntil the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." Trap Falls Realty Holding Ltd. Partnership v. Boardof Tax Review, 29 Conn. App. 97, 612 A.2d 814, cert. denied,224 Conn. 911, 617 A.2d 170 (1992). Nevertheless, it is not necessary for the court to determine at what time the plaintiff received notice of the board's decision because of the provisions of General Statutes § 52-593a.[1]
General Statutes § 52-593a provides in part that "[e]xcept in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not become lost because of the passage of time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." Superior courts have determined that General Statutes § 52-593a is applicable to administrative appeals, save those explicitly excepted under General Statutes § 4-183. See The WestwoodFoundation, Inc. v. Board of Tax Review, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 462181 (September 7, 1994, Dorsey, S.T.R.); Gelinas v,. WestHartford Planning Zoning Comm., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 382396 (July 17, 1992, Schaller, J.); Flaim v. Planning ZoningCommission of Orange, 3 Conn. L. Rptr. 291 (February 27, 1991, Celotto, J.).
The parties do not dispute that the decision of the board was May 6, 1994, the last day for application to the superior court was July 6, 1994, that process was delivered to the sheriff on July 5, 1994, and that service was made on July 7, 1994; therefore, under General Statutes § 52-593a, the service made on the defendants on July 7, 1994 was within the fifteen days provided. Accordingly, the defendants' motion to dismiss is denied.
D'ANDREA, J.