[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, Cynthia L. and Christopher D. Smith, are appealing, pursuant to General Statutes §§ 12-117a and 12-119, the action of the Greenwich Board of Tax Review (board) and the Town of Greenwich relative to the assessment of property owned by the plaintiffs in Greenwich. The plaintiff, Cynthia L. Smith, an attorney, appeared pro se for the plaintiffs, and filed a recognizance signed by Peter Hewitt, another recognizance signed by herself, and a bond signed by herself as principal and Peter Hewitt as surety. The sheriff's return indicates that service was made on the First Selectman of Greenwich and the Chairman of the board on June 28, 1994. The defendants have filed a motion to dismiss the plaintiffs' action on the ground that the court lacks jurisdiction over the plaintiffs' appeal because a) the plaintiffs failed to file the appeal application with the superior court within two months of the board's May 6, 1994 decision, as required by General Statutes § 12-117a, and b)
the plaintiffs failed to file a proper bond or recognizance. The plaintiffs argue, however, that an appeal is commenced uponservice of the appeal on the defendant. The plaintiffs therefore contend that because the plaintiff's application was served on the defendant within the two months of the board's decision, the CT Page 4029 requirement of § 12-117a has been met. The plaintiffs further maintain that they have filed a proper bond or recognizance.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101,105-06, 454 A.2d 275 (1983). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom of Information Commission, 221 Conn. 482,489-90, 604 A.2d 819 (1992); see also Southern New EnglandTelephone Co. v. Board of Tax Review, 31 Conn. App, 155, 160-61,623 A.2d 1027 (1993).
General Statutes § 12-117a, which provides a right of appeal from decisions of boards of tax review, states in pertinent part that "any person . . . claiming to be aggrieved by the action of the board of tax review . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court . . . which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same timeand served and returned in the same manner as is required in caseof a summons in a civil action." (Emphasis added.)
The defendants argue that General Statutes § 12-117a
requires that an appeal application must be made to the superior CT Page 4030 court within two months of the decision of the board of tax review, and if it is not, the appeal is subject to dismissal. The defendants further contend that the Appellate Court's decision inTrap Falls Realty Holding Ltd. Partnership v. Board of TaxReview, 29 Conn. App. 97, 612 A.2d 814, cert. denied, 224 Conn. 911,617 A.2d 170 (1992) dictates that application is had by filing the appeal with the court and not by service on the defendant. The plaintiffs maintain that General Statutes §12-117a provides that an appeal is commenced by service of process, and that, heretofore, courts have unanimously held that an appeal is commenced by service of process, notwithstanding the dicta in Trap.
The defendants rely on the following sentence in the recitation of facts by the court in Trap Falls Realty HoldingLtd. Partnership v. Board of Tax Review, supra, 29 Conn. App. 99: "The plaintiffs served the defendant on May 6, 1991, and filed their appeal on May 8, 1991, a date beyond the two month limitation for such appeals." The defendants contend that the court's use of the word "date" refers to the immediately preceding date of filing and not to the date of service, thereby implicitly holding that the appeal must be filed and not merely served within the two month period. Nevertheless, § 12-117a
provides that appeals to boards of tax review are served and returned just as in a civil action, and the Supreme Court has determined that civil actions are commenced by service of a copy of the summons and complaint on the defendant. Hillman v.Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991); see alsoTuohey v. Martinjack, 119 Conn. 500, 177 A. 721 (1935). Furthermore, the superior courts have uniformly held that service on the defendant determines the time at which an appeal is deemed to have been filed. See Cooper v. Board of Tax Review, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313781 (August 19, 1994, Pittman, J.); Paletsky v. Town ofMorris, 7 Conn. L. Rptr. 233 (August 18, 1992, Pickett, J.);Mazur v. Town of Colchester, Superior Court, judicial district of New London at New London, Docket No. 519380 (January 11, 1993, Hurley, J.); Greaves v. Town of Morris, Superior Court, judicial district of Litchfield, Docket No. 059622 (August D18, 1992, Pickett, J.); Cohen v. Town of Morris, Superior Court, judicial district of Litchfield, Docket No. 059778 (August 18, 1992, Pickett, J.); Allen v. Town of Goshen, Superior Court, judicial district of Litchfield, Docket No. 056241 (October 24, 1991, Pickett, J.); Robbins v. Town of Goshen, 5 Conn. L. Rptr. 171
(October 24, 1991, Pickett, J.); Moss v. Town of Goshen, Superior CT Page 4031 Court, judicial district of Litchfield, Docket No. 056242 (October 24, 1991, Pickett, J.); Perse v. Salisbury Board of TaxReview, Superior Court, judicial district of Litchfield, Docket No. 056923 (October 24, 1991, Susco, J.); Hall v. Town of Goshen,5 Conn. L. Rptr. 614 (October 24, 1991, Pickett, J.); Gregersenv. Town of Wilton, 5 CSCR 119 (December 18, 1989, Cioffi, J.).
The language employed by the Appellate Court in Trap is ambiguous, is dicta, and is not part of the holding of the case. Furthermore, the case is distinguishable in that the appeal inTrap was both served and filed more than two months after the decision of the board. If the Appellate Court had intended to overturn and reverse the general rule employed by all of the superior courts to date, it would have employed language less uncertain than that contained in a recitation of facts. Moreover, the Supreme Court has determined that "the established principle that every presumption is to be indulged in favor of jurisdiction" is to be taken into account. Ambroise v. WilliamRaveis Real Estate, Inc, 226 Conn. 757, 765, 628 A.2d 1303
(1993).
The defendants also argue that the plaintiffs' appeal should be dismissed on the ground of the lack of a proper bond or recognizance under Practice Book § 52 because the recognizance was signed by the plaintiff Cynthia Smith, an attorney appearing pro se. The plaintiffs contend that the recognizance on the summons was signed by Peter Hewitt, a member of the Connecticut bar, and that if that is defective, the complaint also attached a bond signed by the plaintiff as principal and Hewitt as surety and would cure any defect under Practice Book § 53.
General Statutes § 12-117a provides in pertinent part that "[t]he authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises."
The recognizance appearing on the summons names Hewitt as the person recognized, and it is also signed by Hewitt as the official taking recognizance. It is not proper, however, for persons to take their own recognizance. See General Statutes § 52-185; DiPietro v. Milford Board of Tax Review,8 Conn. L. Rptr. 253 (January 22, 1993, Flynn, J.). The plaintiffs also CT Page 4032 attached to the complaint a recognizance taken by the plaintiff which is in violation of Practice Book § 52. The plaintiffs also included a bond with the complaint which was signed by the plaintiff as principal, and Hewitt as surety. The court inDiPietro determined that a recognizance needed to be taken by a commissioner of the superior court because "[a] recognizance must be orally acknowledged as the free act and deed of each obligor, but a bond need not be so acknowledged because the writing itself sets forth the obligations of both principal and surety."DiPietro v. Milford Board of Tax Review, supra, 255-256. Nonetheless, because General Statutes § 12-117a requires either a bond or a recognizance, the bond provided by the plaintiffs is sufficient to comply with the statute. Moreover, even if the bond were insufficient the Supreme court has determined that even though the failure to provide a proper bond or recognizance is a "`serious irregularity'" it does not destroy the jurisdiction of the court over the subject matter. Demar v.Open Space Conservation Commission, 211 Conn. 416, 428,559 A.2d 1103 (1989); see also, Sheehan v. Zoning Commission,173 Conn. 408, 410-11, 378 A.2d 519 (1977).
Accordingly, for the foregoing reasons, the defendants' motion to dismiss is denied.
D'ANDREA, J.