MARY CATHERINE DEVELOPMENT COMPANY *v.*
TOWN OF GLASTONBURY
(14486)

Heiman, Hennessy and Freedman, Js.

Argued April 22—officially released July 23, 1996

---

*John A. Wall,* for the appellant (plaintiff).

*Barry M. Winnick,* for the appellee (defendant).

FREEDMAN, J. The plaintiff, Mary Catherine Development Company, appeals from the judgment of the trial court dismissing its appeal from the decision of the Glastonbury board of tax review (board). On appeal, the plaintiff claims that the trial court improperly determined that its appeal was untimely pursuant to General Statutes § 12-117a.[1] We agree with the plaintiff and reverse the judgment of the trial court.

The following facts are undisputed. On March 2, 1994, the plaintiff appealed the valuation of certain real properties to the board. On March 9, 1994, the board denied the plaintiff's appeal. The board notified the plaintiff of its decision in a letter dated March 11, 1994. By application dated May 6, 1994, the plaintiff appealed the board's ruling to the Superior Court. The plaintiff's application was served on the defendant town of Glastonbury on May 11, 1994. The defendant moved to dismiss the appeal on the ground that it was not filed within two months of the date the board made its decision. The trial court granted the defendant's motion, and the plaintiff has appealed.

The sole issue raised in this appeal is whether, in an appeal taken pursuant to § 12-117a, which provides that an appeal may be taken "within two months from the

---

[1] General Statutes § 12-117a provides in pertinent part: "[A]ny person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ."

time of such action," the appeal period commences with the date that the board renders its decision or the date that notice of the decision is issued to the appealing party. According to the plaintiff, the appeal period does not start running until notice of the board's decision is issued, which in this case was March 11, 1994. Therefore, the plaintiff argues that the present appeal, which commenced with service on the defendant on May 11, 1994, was within the appeal period.

The defendant counters that the appeal period commences on the date that the board's decision is rendered. According to the defendant, because the board in the present case rendered its decision on March 9, 1994, the appeal period expired on May 9, 1994, and, thus, the plaintiff's appeal was untimely. We conclude that the appeal period commences with the date that notice of the board's decision is issued to the appealing party and that the trial court thus improperly dismissed the plaintiff's appeal.

We begin our analysis by noting that "[i]n construing a statute, common sense must be used, and the courts will assume that the legislature intended to accomplish a reasonable and rational result . . . . A statute . . . should not be interpreted to thwart its purpose. . . ." (Citations omitted; internal quotation marks omitted.) *Conaci* v. *Hartford Hospital*, 36 Conn. App. 298, 301, 650 A.2d 613 (1994). In *Hubbard* v. *Planning Commission*, 151 Conn. 269, 196 A.2d 760 (1963), the court considered an analogous issue in the context of a zoning appeal. The issue in *Hubbard* involved the timeliness of an appeal brought pursuant to General Statutes § 8-28 that, at that time, provided that " 'any person aggrieved by an official action of a planning commission may appeal therefrom within fifteen days of such official action.' " Id., 269–70. The plaintiffs in *Hubbard* were notified by letter dated June 22, 1962, that on June 20, 1962, the commission had denied their application for

subdivision approval. The plaintiffs served the defendant with an appeal on July 7, 1962. The trial court subsequently sustained the defendant's plea in abatement on the ground that the "official action" of the commission, within the meaning of § 8-28, was the disapproval of the plaintiffs' application on June 20, 1962, and the appeal was not taken within fifteen days of that date. See id., 271.

On appeal, our Supreme Court held that the words "official action" under § 8-28 "embrace not only the formulation of the defendant's decision but also the announcement thereof to the interested parties, in this case the plaintiffs." Id., 273. Therefore, the official action in *Hubbard* occurred on June 22, 1962, when the defendant's secretary sent the plaintiffs the notice of decision, and, accordingly, the plaintiffs' appeal was timely. In so holding, the court stated that "[t]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." Id., 271–72.[2]

The plaintiff cites *Trap Falls Realty Holding Ltd. Partnership* v. *Board of Tax Review*, 29 Conn. App. 97, 104, 612 A.2d 814, cert. denied, 224 Conn. 911, 617 A.2d 170 (1992), as further support for its position that the appeal

---

[2] The court in *Hubbard* also referred to the fact that, in 1963, after the commission's decision, § 8-28 was amended to make clear that "henceforth, the appeal period begins to run from the date of the prescribed publication of notice of the commission's official action." *Hubbard* v. *Planning Commission*, supra, 151 Conn. 270–71. Similarly, we note that the legislature has recently amended General Statutes § 12-117a, effective October 1, 1996, to provide that an appeal may be taken "within two months from the *date of notice* of such action . . . ." (Emphasis added.) See Public Acts 1995, No. 95-283, § 17.

period does not start running until notice of the decision is issued. In *Trap Falls,* an aggrieved property owner appointed an agent to represent it before the defendant board. The agent specifically requested that notice of the board's decision be sent to the agent's address, rather than to the property owner at the property address. The board in *Trap Falls,* however, mailed the notice to the property address rather than to the address of the designated agent. The trial court granted the defendant's motion to dismiss the plaintiff's appeal, which was taken beyond the two month appeal period, on the ground that the appeal was untimely. Citing *Hubbard* v. *Planning Commission,* supra, 151 Conn. 271–72, we reversed that decision, concluding that because the notice was sent to the property address rather than the agent's address, the agent did not receive actual or constructive notice of the board's decision, and that the plaintiff's right to appeal was thus rendered meaningless. *Trap Falls Realty Holding Ltd. Partnership* v. *Board of Tax Review,* supra, 103–104.[3]

The defendant argues that *Trap Falls* applies only when improper notice is given by the board. According to the defendant, if a board of tax review fails to give proper notice pursuant to General Statutes § 12-111,[4] a claim that is not made in the present case, the two month limitation will not bar the action; rather, the

---

[3] Specifically, we held that "[w]hen (1) a taxpayer-property owner claiming to be aggrieved by the doings of the assessors appoints an agent to represent himself or herself in a hearing before the board pursuant to [General Statutes] § 12-111, and (2) that agent appears before the board under the authority of his or her agency and specifically requests that notice of the board's decision be sent to the agent's address, the board is required to abide by that request in order to commence the running of the statutory period for the filing of any appeal." *Trap Falls Realty Holding Ltd. Partnership* v. *Board of Tax Review,* supra, 29 Conn. App, 104.

[4] General Statutes § 12-111 provides that the board "shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made. . . ."

*Trap Falls* rationale will allow a late appeal. The plaintiff argues in response that although § 12-111 requires that the board send written notice of its decision within one week after reaching its determination, there is no penalty for the failure to provide notice, and the board's decision could theoretically be withheld for more than two months. Furthermore, even if notice is properly given by the board pursuant to § 12-111, the defendant's interpretation could potentially reduce by one week the two month appeal period in § 12-117a. We agree with the plaintiff.

" '[I]t is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him.' . . . Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." (Citations omitted.) *Kron* v. *Thelen*, 178 Conn. 189, 193, 423 A.2d 857 (1979) (holding that appeal period for probate decisions commences on date that Probate Court sends notice); see also *Conaci* v. *Hartford Hospital*, supra, 36 Conn. App. 303 (in context of workers' compensation, ten day appeal period in General Statutes § 31-101 (a) commences on date party wanting to appeal is sent meaningful notice of commissioner's decision).

We conclude that the trial court improperly determined that the appeal period commences with the date that the decision is rendered rather than the date that notice of the decision is issued. On remand, therefore, the trial court must determine whether, applying the correct standard, the plaintiff's appeal was timely.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.