[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiffs, Louis D. and Kelley J. Collins, appeal from the decision of the Town of Fairfield Board of Tax Review (board) granting the plaintiffs' application of appeal to the board, and reducing the October 1, 1995 assessment of the plaintiffs' building property from $102,970 to $95,620. The plaintiffs' appeal was served on the Fairfield Town Clerk on May 13, 1996. The plaintiffs in their appeal seek to further reduce the assessed value of both their land and building property.
On July 2, 1996, the defendant filed a motion to dismiss the plaintiffs' appeal on the ground that the court lacks subject matter jurisdiction because the appeal was not timely filed. The plaintiffs filed a memorandum in opposition on July 12, 1996.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."' (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993).
The defendant maintains that it was not served within sixty days of the decision of the board, and therefore, the plaintiffs' appeal is untimely. The plaintiffs, appearing pro se, argue that the defendant's notice was misleading in that it refers to the board's action, rather than its decision, and that two months is not necessarily sixty days.
General Statutes § 12-117a (Rev. to 1995) provides in pertinent part that "any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the CT Page 5936 superior court . . . and such appeal shall be returnable at the same time and served in the same manner as is required in case of a summons in a civil action."
"Appeals to courts from administrative agencies exist only under statutory authority . . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom of Information Commission,221 Conn. 482, 489-90, 604 A.2d 819 (1992).
Nevertheless, despite the language of § 12-117a requiring that an appeal be brought within two months of the action of the board, the Appellate Court in Mary Catherine Development Co. v.Town of Glastonbury, 42 Conn. App. 318, 320, ___ A.2d ___ (1996) concluded "that the appeal period commences with the date that notice of the board's decision is issued to the appealing party . . . ."
In the present appeal, the board's notice stated that the plaintiffs' application was granted on March 9, 1996, and the notice is dated March 12, 1996. The plaintiff's served the defendant on May 13, 1996. Therefore, the appeal was commenced sixty-five days after the board's action, and sixty-two days after the date of the notice. Although the plaintiffs argue that "two months can range anywhere between "59 to 62 days" the generally recognized interpretation of "two months" is that it is the equivalent of sixty days. The plaintiffs served the appeal on the defendant sixty-two days after the date notice of the board's action was issued, and therefore, such service fell outside of the two month period allowed for the commencement of an appeal.
"Although we allow pro se litigants some latitude, the right of self representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Zanoni v. Hudon, 42 Conn. App. 70,77, ___ A.2d ___ (1996). The plaintiffs also contend that the defendant could have withheld notice for a longer period. However, as noted above, the court in Mary Catherine DevelopmentCo. v. Town of Glastonbury, supra, 42 Conn. App. 318, determined that the time for appeal commences upon the issuance of the notice of decision. Therefore such a delay would not affect the plaintiffs' time in which to appeal. Moreover, General Statutes CT Page 5937 § 12-111 requires that the board report its decision to the person making an application within one week after a decision has been made upon such application. Accordingly, the defendant's motion to dismiss is granted.
BALLEN, JUDGE