[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 9, 1997
The sole issue raised by the defendant in its motion to dismiss this real estate tax appeal is a factual one. The factual issue is whether the Board of Assessment Appeals (board) mailed a notice of its decision on March 12, 1996, or on May 12, 1996, for the purposes of commencing the two-month period in which an appeal of the board's decision must be taken.
The plaintiff, ABL Associates, is the owner of property located at 699-725 East Middle Turnpike, Manchester. The plaintiff appealed the valuation of its property on the October 1, 1995 grand list to the board. The application form provided by the board for taking an appeal contained the name of the appellant, the description of the property, and a block entitled "correspondence contact: Lisa A. Zaccardelli, Esq., Levy 
Droney, P.C." On March 5, 1996, the board heard the appeal by the plaintiff and thereafter, on the same day, denied the appeal. CT Page 12389
At the hearing on the motion to dismiss, the Manchester deputy assessor testified that he made copies of all of the appeal forms acted on by the board that day and mailed the copies with the decisions contained therein to all appellants on March 12, 1996. The copies were mailed to the contact person listed on the application by first class postage. No receipt of delivery was requested of the post office by the deputy assessor. The practice of the deputy assessor, in mailing out the copies of the decision of the board, was to cut out the name of the contact person from a copy of the application and attach that cut-out to the envelope. The deputy assessor placed the envelopes so addressed in the mail box in his office.
Although Lisa Zaccardelli received other notices of decisions of the board regarding appeals heard on March 5, 1996, she did not receive the decision regarding the subject property mailed by the deputy assessor on March 12, 1996. On May 10, 1996, Zaccardelli contacted the Manchester assessor's office inquiring about the decision of the board. The assessor's office mailed a second copy of the application containing the board's decision to Zaccardelli on May 12, 1996. Thereafter, Zaccardelli commenced this appeal by service on May 17, 1996.
The town now moves to dismiss this action claiming that May 17, 1996, is beyond the two-month period provided for in General Statutes § 12-117a in which to appeal the decision of the board.
The language in General Statutes (rev. to 1995) §12-117a, providing that an appeal may be taken "within two months from the time of such action," has been construed to mean two months from the date that the board issued the notice.[1] MaryCatherine Dev. Co. v. Town of Glastonbury, 42 Conn. App. 318,321-22, 679 A.2d 52 (1996). In the present action we find that the board issued a notice of its decision on March 12, 1996, by mailing the notice to the plaintiffs attorney, the contact person named on the application form. This is all that is required of the board. Appletree v. Farmington Board of Tax Review, 16 CONN. L. RPTR. 323 (March 1, 1996) (Aronson J.); see Mary CatherineDevelopment Co. v. Town of Glastonbury, supra, 320. See also General Statutes (rev. to 1997) § 12-117a, as amended by Public Acts 96-1, s. 3 and 96-261, s. 1.
We can discern no reason why the plaintiffs counsel did not CT Page 12390 receive the notice from the board mailed on March 12, 1996. Suffice it to say, our only consideration here is whether the notice of the board was first mailed on March 12, 1996, or on May 12, 1996, not when the plaintiffs counsel received the notice.
Based on the evidence presented to us from the deputy assessor, we find that the notice of decision regarding the subject property was mailed on March 12, 1996, along with the notices regarding the other property appeals heard and decided by the board on March 5, 1996. Under these circumstances, the plaintiff was required, pursuant to General Statutes §12-117a, to commence its appeal within two months from March 12, 1996. Since it did not, defendant's motion is well taken.
Accordingly, the defendant's motion to dismiss is granted.
Aronson, J.