[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
On July 7, 1997, the plaintiffs, Rutherford and Carol Romaine, filed this appeal from a decision of the Board of Assessment Appeals. The decision of the Board was mailed to the plaintiffs on April 11, 1997.[1] The signature portion of the plaintiffs' complaint is undated. The caption, however, is dated June 10, 1997. Additionally, a page attached to the complaint entitled "citation and recognizance" is signed and dated June 10, 1997. The sheriff's return of service of process is dated June 24, 1997.
On August 11, 1997, the defendants, Town of Greenwich, the town's comptroller and the town's tax collector, filed a motion to dismiss the second count of the complaint on the ground that "it was not made within the requisite two month period from the notice of decision of the Board of Assessment Appeals as required by [General Statutes § 12-117a]."
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot
as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983).
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory CT Page 11888 statutes in that regard are essential to jurisdiction over theperson." (Emphasis in the original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989).
General Statutes § 12-117a states in pertinent part: "Any person . . . claiming to be aggrieved by the action of the . . . board of assessment appeals . . . may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, . . . to the superior court. . . ."
"[T]he appeal period commences with the date that notice of the board's decision is issued to the appealing party." MaryCatherine Dev. Co. v. Glastonbury, 42 Conn. App. 318, 320,679 A.2d 52 (1996).
The board issued its decision to the plaintiffs on April 11, 1997. The appeal period, therefore, commenced on April 11, 1997. Two months from April 11, 1997 is June 11, 1997. According to the plain language of General Statutes § 12-117a, therefore, the plaintiffs were required to make application to the superior court by June 11, 1997. The defendants, however, were not served until June 24, 1997. Therefore, this court is without jurisdiction to hear the present case.
The plaintiffs argue that despite the late service, General Statutes § 52-593a prevents this action from being dismissed. General Statutes § 52-593a (a) provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." (Emphasis added.) Delivery of the process to be served, to the sheriff, by mail, is still deemed "personally delivered" provided that the process "came into [the sheriff's] hands" within the statutory period. Zarillo v. Peck,33 Conn. Sup. 676, 677-9, 366 A.2d 1165 (1976).
The plaintiffs in the present case supply an affidavit signed by the sheriff who served process on the defendants. That affidavit states that "to the best of my knowledge and belief, on June 10, 1997, Mrs. Romaine ended up mailing [the summons, CT Page 11889 appeal, citation and recognizance] to me." The affidavit also states that "these papers never arrived through the mail." At some later unspecified date, "Mrs. Romaine then hand-delivered to my office another set of these papers" which were duly served ( see affidavit of Sheriff Purcell, pg. 8) and acknowledged by the June 24, 1997 return. In other words, the process did not "come into the sheriff's hands" until sometime after the June 11, 1997 deadline.
The plaintiffs' June 10, 1997 alleged mailing of the process to the sheriff does not satisfy the requirements of General Statutes § 52-593a. That statute requires that, in order to toll a legal time limitation, process must actually be delivered to the officer authorized to serve the process on the defendants. Since the process was never actually delivered to the sheriff, the plaintiffs failed to comply with General Statutes §52-593a in such a way that their action might be preserved.
The plaintiffs also argue that since they did not receive the decision issued by the Board on April 11, 1997, until April 25, 1997, that it would be "inequitable and antithetical to the intent of [General Statutes § 12-117a] to start the appeal period prior to actual notice of the decision." Actual notice of the decision, according to the plaintiffs, is the date that the notice was received.
In Mary Catherine Dev. Co. v. Glastonbury, supra,42 Conn. App. 318, the court made no mention of the date that the letter was received by the plaintiff. Instead the court noted only that "[t]he board notified the plaintiff of its decision in a letter dated March 11, 1994." Id., 319.
In the present case, the board notified the plaintiffs of its decision in a letter dated April 11, 1997. Further, that letter explicitly states: "PURSUANT TO SECTION 12-117a OF THE CONNECTICUT GENERAL STATUTES, YOU HAVE THE RIGHT TO APPEAL THIS DECISION TO THE SUPERIOR COURT WITHIN TWO MONTHS OF THE DATE OF THIS NOTICE." (Emphasis added.) The plaintiffs, therefore, were fully aware that they had two months, beginning on April 11, 1997, to appeal the board's decision.
The motion to dismiss (# 101) is granted.
KARAZIN, J. CT Page 11890