[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant, Town of West Hartford (town), moves to dismiss this real estate tax appeal for lack of subject matter jurisdiction on the ground that the appeal was untimely.
The plaintiffs, Richard Fairbrother, Virginia Fairbrother and Kathleen A. Curry filed this two count real estate tax appeal for the grand list of October 1, 1999. In count one, the Fairbrothers contest the assessment on their property at 25 Visgrove Lane, West Hartford. In count two, Kathleen Curry contests the assessment on her property at 23 Visgrove Lane, West Hartford. Both counts allege that the valuation placed upon the two properties by the assessor were grossly excessive. The plaintiffs further allege that they appealed the assessor's decision to the Board of Assessment Appeals (board), but the board made no change in their valuations.
On March 14, 2000, the board heard the plaintiffs' appeals from the action of the assessor. On April 4, 2000, the board issued two written CT Page 15941-fn notices regarding the two properties to the plaintiffs' agent, David A. Curry, 102 Oak Street, Hartford, Ct. 06106. The notices recited that the plaintiff's appeals were considered by the board, but it made no changes to the assessments of the subject properties.
On June 6, 2000, the plaintiffs' agent, David A. Curry, notified the assessor's office that he had not received the notices concerning the subject appeals to the board that supposedly had been mailed to property owners on April 4, 2000. The assessor's office mailed copies of the board's April 4, 2000 notices to Curry, which he received on June 7, 2000. The plaintiffs served this appeal on the town on August 4, 2000.
The town now moves to dismiss this appeal because it was brought more than two months after the issuance of the notices of the board's decision. General Statutes § 12-117a provides, in pertinent part: "Any person . . . claiming to be aggrieved by the action of . . . the board of assessment appeals . . . may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . to the superior court." The plaintiffs' position is that they did not receive the notices of the board's decision until the receipt of a copy of the original notice on June 7, 2000; therefore, their appeal within two months from June 7, was timely.
The issue in this case is not when David Curry received the notices of the board's decision, but rather, when the board mailed the notices to Curry as agent for the plaintiffs. See ABL Associates v. Town ofManchester, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV96-0561036 (May 9, 1997); Mary CatherineDevelopment Co. v. Glastonbury, 42 Conn. App. 318, 323, 679 A.2d 52
(1996). Additional facts are necessary for the resolution of this issue.
The town's assessor, Joanne Ferraresso, testified at the hearing on the motion to dismiss as follows. Prior to the board's meeting to consider taxpayers' appeals, the assessor created a folder for each appellant. Each folder contained a sheet for the board to fill out following the hearing. The assessor generated two form letters for appeals. One form letter was for the board's decision not to change a taxpayer's assessment. The second form letter was for the board's decision to make a change in an assessment. Following the board's hearing of approximately 350 applications for relief on March 14, 2000, the board made its final decision in each case on March 30, 2000. The assessor reviewed all of the board decision sheets personally and entered the information into a computer program containing all of the names of appellants who filed appeals to the board. The assessor personally prepared two notices of the CT Page 15941-fo board's decision in each appeal. One copy was put in the appellant's folder and the second copy was placed on the assessor's desk for mailing. The assessor checked each letter on her desk for accuracy. Envelopes, addressed to each applicant, were prepared for each letter and placed on the assessor's desk. These were also checked by the assessor. This was done on Friday, March 31, 2000. Two staff members assisted the assessor in stuffing the notices into the envelopes. The envelopes containing the notices were placed in a box for mailing. The assessor was leaving on vacation and wanted to make sure that all of the notices would be mailed out on April 4, 2000. The assessor instructed her senior property appraiser to carry the box to the mail room on April 4, 2000. The assessor confirmed by telephone that the senior property appraiser had taken the box of notices to the mail room at the town hall and mailed them on April 4, 2000. of all the notices mailed out regarding approximately 350 appeals, only the plaintiffs complained that they did not receive their notices. No notices were returned to the assessor's office from the post office as undeliverable.
We find that the facts described above support our conclusion that the notices of the board's decision to the plaintiffs were first mailed to Curry on April 4, 2000. The operative date in this case for determining the timeliness of the plaintiffs' appeal is two months from April 4, 2000, not two months from June 7, 2000, when Curry received a copies of the notices resulting from his inquiry at the assessor's office on June 6, 2000. Since the statutory time to appeal the board's decision to the Superior Court expired two months from April 4, 2000, this appeal, filed and served on August 4, 2000, was untimely.
Accordingly, the town's motion to dismiss is granted. This appeal is dismissed, without costs to either party.
 Arnold W. Aronson Judge Trial Referee